## No. 11,043.

### CAPITOL SYNDICATE *v.* GREEN.

Decided December 1, 1924.

Action for damages for nondelivery of corporate stock. Judgment for plaintiff.

*Affirmed.*

1. WITNESSES—*Credibility.* It is within the province of the jury to pass upon the credibility of witnesses.

2. APPEAL AND ERROR—*Instructions—Presumption.* Where the court excluded testimony of nondelivery of corporate stock as immaterial, instructing the jury that they should not consider it for any purpose, it will be presumed, that on request, it again so instructed them in writing.

3.    *Improper Argument.* A party may not complain of alleged

improper remarks of counsel in addressing the jury, where they were prompted by equally improper observations by his own counsel.

4.    *Improper Argument—Not Prejudicial.* In an action for damages for failure to deliver corporate stock, in view of the amount of the verdict and admonition and instructions of the court, improper remarks of counsel to the jury held to be without prejudicial effect.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. W. B. KING, for plaintiff in error.

Mr. HUDSON MOORE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

GREEN, plaintiff below, sued the Capitol Syndicate to recover damages for its delay in delivering to him six hundred and twenty-five shares of the capital stock of the "Jimmie Cox's Oil Enterprises", which he had bought of the defendant and paid for. He claimed damages in the sum of $4,000. The jury gave him $800 and the court approved the findings by its judgment. Two principal grounds for reversal are relied upon: The first, that no damages were proved and the verdict was, therefore, excessive; the second, that plaintiff's counsel in his argument to the jury inflamed their minds and aroused their passions by attempting to get before them alleged facts, offered evidence of which the trial court excluded.

An examination of the record discloses that neither ground is tenable, that no prejudicial error was committed by the trial court in its rulings, that there was sufficient evidence to sustain the verdict, and that the jury were not unduly influenced by the alleged improper remarks of plaintiff's counsel.

1.    The defendant admitted the contract of purchase and its receipt from plaintiff of the purchase price and the

failure of the defendant to deliver at the time promised. The only issue left for trial was the amount of damages, if any. There was testimony as to the market value of the stock at the time fixed by the contract of sale for delivery, and that the value was such that had the defendant then delivered the certificates, the plaintiff might and could have made a profit. True, one of the plaintiff's witnesses as to value was impeached. Possibly he was the same kind of a swindler as were some of the promoters of the "fake" oil company, and of those who marketed its stock, but the members of the jury, though they did not see this particular witness of the plaintiff, whose deposition was read, did see the witnesses for the defendant and heard their testimony. It was within the province of the jury to pass upon the credibility of witnesses and it may be that the jurors gave no credence to the testimony of those for the defendant. If either party may justly complain of the amount of the verdict, it would seem to be not the defendant, but the plaintiff who has accepted the award.

2. Plaintiff's counsel in his address to the jury improperly commented upon the nonexistence of a reason for the defendant's failure to deliver the stock. The trial court had refused to admit testimony bearing thereon, holding with the defendant in its contention that such testimony was immaterial, and at the same time specifically and emphatically instructed the jury that the question of the reason for nondelivery by the defendant was out of the case and that they should not consider it for any purpose. We are justified in presuming that, in its written instructions delivered at the close of the evidence, the trial court, if requested by the defendant, again so instructed the jury. The defendant complains of other improper remarks of plaintiff's counsel. If they were improper they were prompted by equally objectionable observations of defendant's counsel in his address to the jury, and having provoked them, it may not now complain of their supposed injurious effect. The trial court not only sustained the defendant's objections to, and protests against, the improper

remarks of plaintiff's counsel, but properly admonished the jury to disregard them and not to consider them or the question of nondelivery for any purpose whatever. Considering the fact that the jury might well have found from the evidence for the plaintiff in a larger sum, it is more than apparent that the impropriety of plaintiff's counsel in these particulars had no effect upon their minds and did not unjustly sway or induce them to return an excessive verdict. That the trial judge, more favorably situated than we to determine, was of this opinion is shown by the fact that at the close of the testimony, and before submitting the case to the jury, in overruling the defendant's application to withdraw a juror and declare a mistrial for the alleged inflammatory statements of plaintiff's counsel, he said that in view of his own admonition and instruction to the jury to exclude them from consideration, no possible injury was done. The trial judge performed his full duty at different stages of the trial in the rulings and instructions to the jury. The defendant had a fair trial and its rights were fully protected.

The judgment is therefore affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.